IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GARY DEFRANCESCO,**

**Plaintiff,**

**v.**

**FIRST HORIZON HOME LOAN CORPORATION and DOES 1-5,**

**Defendants.**                                                    No. 06-0058-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Defendant First Horizon Home Loan Corporation's motion to transfer venue (Doc. 14). Specifically, First Horizon Home Loan ("First Horizon") moves the Court to transfer this case to the Northern District of Texas arguing that it is the most convenient forum for this litigation. Plaintiff opposes the motion (Doc. 20). Because Defendant has not sustained its burden as to transfer, the Court denies the motion to transfer.

On January 24, 2006, Gary DeFrancesco filed suit against First Horizon and Does 1-5 to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implement Federal Reserve Board Regulation Z,

12 C.F.R. part 226 (Doc. 1).[1]  On March 24, 2004, Plaintiff obtained a loan from First Horizon.  The complaint states that he "needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes."  (Doc. 1, p. 2, ¶ 9).  Plaintiff alleges that a form used by First Horizon in the loan transactions failed to provide appropriate disclosures required by TILA.  Plaintiff further alleges that the loan form violates TILA by failing to make certain required disclosures concerning the borrower's right to cancel the loan within three days of signing it.

On June 5, 2006, First Horizon filed the motion to transfer arguing that the Northern District of Texas is the most convenient forum because First Horizon's principal place of business is located there (Doc. 14).  Plaintiff opposes the motion (Doc. 20).

## II.  Analysis

**28 U.S.C. § 1404(a)**, which governs the transfer of an action from one federal district court to another, provides:

> For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the

---

[1]This is a putative class action.  Plaintiff seeks to represent the following class of individuals: "(a) all natural persons (b) who obtained non-purchase-money loans that were secured by their Illinois or Indiana residences, (c) on or after a date three years prior to the filing of this action, (d) for purposes other than the initial construction or acquisition of those residences, (e) where the person received documentation in the form represented by Exhibit D."  (Doc. 1, p. 5, ¶ 21).

transferor and the transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. ***Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)**.

In determining whether a motion under **§ 1404(a)** should be granted, the court must seek to promote the efficient administration of justice and not merely the private interests of the parties. ***North Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995)**. The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial court. ***Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)**; ***Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)**. The party seeking a transfer under **§ 1404(a)** bears the burden of establishing that the transferee court is clearly more convenient. ***Coffey*, 796 F.2d at 219-20**.

Defendant asserts, and Plaintiff do not contest, that venue is proper in both the transferee district and in the transferor court. ***See* 28 U.S.C. § 1391(a) & (c)**. What the parties dispute is whether the convenience of the parties and witnesses and the interest of justice factors weigh in favor of transfer. Here, First Horizon has not established that the transferee district (the Northern District of Texas) is clearly "more convenient." Nor has Defendant shown that the interest of justice is promoted by trying the case in the Northern District of Texas rather than in this judicial district.

In evaluating the convenience of transfer, factors to be considered are: (1) plaintiff's initial choice of forum; (2) the relative ease of access to the sources of proof; (3) convenience of non-party witnesses; (4) situs of the material events; and (5) the convenience of the parties, specifically their respective residences and abilities to bear the expense of trial in a particular forum. ***Geourgouses v. Natec Resources, Inc.***, 963 F.Supp. 728, 730 (N.D. Ill. 2000); ***Amoco Oil Co. v. Mobil Oil Corp.***, 90 F.Supp. 958, 960-61 (N.D. Ill. 2000).

As to the party-convenience factor, today "[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make[s] it easy . . . for cases to be litigated with little extra burden in any of the major metropolitan areas." ***Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.***, 212 F.3d 1031, 1037 (7th Cir. 2000). In evaluating party convenience, however, a court should consider the parties' respective residencies and their relative ability to withstand the expenses of litigating in a particular forum. See ***Tingstol Co. v. Rainbow Sales, Inc.***, 18 F. Supp. 2d 930, 934 (N.D. Ill. 1998) (Alesia, J.).

The Court finds that the convenience-of-the-parties factor weighs in favor of keeping this case in the Southern District of Illinois. Defendant First Horizon is national in scope and will have little difficulty litigating here. Plaintiff, however, is an individual of limited means who likely will be confronted with considerable expenses if this litigation is transferred to the Northern District of Texas. While, the

Court recognizes that a plurality of putative class members may reside outside the Southern District of Illinois, the Court does not find this fact determinative as a measure of party convenience. In fact, *none* of putative class members reside in the Northern District of Texas.

Furthermore, the Court finds that Plaintiff's selection of this judicie district militates against transfer. Though the general rule is that a plaintiff's choice of forum is given considerable deference, **see FDIC v. Citizens Bank and Trust Co., 592 F.2d 364 (7th Cir. 1979); Chicago Rock Island & Pac. R.R. Co. v. Igoe, 220 F.2d 299, 302 (7th Cir. 1955) (a plaintiff's choice of forum should not be "lightly set aside")**, some courts in the Seventh Circuit have found that a *class action* plaintiff's forum choice should be given no weight. **See Nelson v. AIM Advisors, 2002 WL 442189 (S.D. Ill. 2002) (Reagan, J.) (holding that "where a plaintiff alleges a nationwide class action, 'plaintiff's home forum is irrelevant'"); Georgouses v. NaTec Res., Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997) (Gettleman, J.) ("[B]ecause plaintiff alleges a class action, plaintiff's home forum is irrelevant."); Genden v. Merrill Lynch Pierce Fenner & Smith, 621 F. Supp. 780, 782 (N.D. Ill. 1985) (Rovner, J.)**. The Seventh Circuit, however, has indirectly endorsed a contrary position — that a class action plaintiff's forum choice should enter into the transfer analysis. **See Tice v. American Airlines, Inc., 162 F.3d 966, 974 (7th Cir. 1998) (noting that a "district court gave some weight (*as it was entitled to do*) to plaintiffs' choice of forum" (emphasis added))**. The Court

agrees. The fact that a Plaintiff sues on behalf of a class does not render his forum choice completely irrelevant.

As to the witness-convenience factor, Defendant simply has not sustained its burden of showing that proceeding in this action in this Judicial District would inconvenience its witnesses in any tangible manner. In fact, Defendant has not named one witness that would be testifying. Further, Defendant does not indicate why, if this matter is litigated in the Southern District of Illinois, depositions could not substitute for live testimony. Moreover, the Court finds that this same reasoning also applies to the ease of access to the sources of proof and to the parties' ability to withstand the expenses of litigating in a particular forum. Absent these showings, the Court finds that Defendant has not met its burden to establish that the Northern District of Texas is clearly more convenient.

Finally, as to the interest-of-justice element, courts traditionally consider factors related to the efficient administration of the courts, rather than private considerations of the litigants. ***Coffey*, 796 F.2d at 221 (7th Cir. 1986)**. Factors considered by courts include (1) the speed at which the case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale. *See **Amoco Oil Co.*, 90 F. Supp. 2d at 962**.

The Court finds that the interest-of-justice factor does not require transfer. As to the trial expediency factor, the Court finds that this Judicial District and the Northern District of Texas are both adept in handling their respective case

loads efficiently, therefore, this factor does not weigh in favor of either judicial district. As to the remaining factors, Defendant has not provided evidence that *any* of these apply to this case or warrants transfer to the Northern District of Texas.

It is well-established that the "weighing of the factors for and against transfer necessarily . . . is committed to the sound discretion of the trial judge." ***See, e.g., College Craft Companies, Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995),** *citing Coffey***, 769 F.2d at 219.** *Accord Brown v. Grimm***, 624 F.2d 58, 59 (7th Cir. 1980)**. Having weighed the factors and assessed the evidence presented by Defendant, the Court concludes that Defendant has not sustained its burden as to warrant transfer.

### III. Conclusion

Accordingly, the Court **DENIES** Defendant's motion to transfer venue (Doc. 14).

**IT IS SO ORDERED.**

Signed this 2nd day of November, 2006.

/s/      David   RHerndon
**United States District Judge**